George G. WALKER, Plaintiff–
Appellant,

v.

MITSUBISHI MOTOR MANUFACTUR-
ING OF AMERICA, INCORPORAT-
ED, now known as Mitsubishi Motors
of North America, Incorporated, De-
fendant–Appellee.

No. 03–3665.

United States Court of Appeals,
Seventh Circuit.

Argued Sept. 14, 2004.

Decided Oct. 15, 2004.

Donald R. Jackson, Peoria, IL, for Plaintiff–Appellant.

Mark S. Mester, Latham & Watkins, Chicago, IL, for Defendant–Appellee.

Before Hon. FRANK H. EASTERBROOK, Hon. DANIEL A. MANION, and Hon. DIANE P. WOOD, Circuit Judges.

ORDER

George G. Walker sued his employer, Mitsubishi Motors of North America, for

race discrimination, alleging that it denied him training because he was black. Mitsubishi moved to dismiss the complaint. The motion was converted to a motion for summary judgment because it referred to documents outside of the complaint. Walker then filed an affidavit to support his claim. The district court concluded that Walker's affidavit failed to establish a prima facie case of race discrimination and granted Mitsubishi summary judgment. Walker appeals. We affirm.

## I.

George G. Walker began working for Mitsubishi in its Normal, Illinois facility in April 1989. In 1992, Walker sued Mitsubishi, alleging that Mitsubishi denied him training because he was black, in violation of Title VII. Walker settled that lawsuit with Mitsubishi in 1998, and as part of the settlement agreement Walker released all of his claims against Mitsubishi.

Then in 2001, Walker was a member of a class action race discrimination suit against Mitsubishi, *Woodward v. Mitsubishi*, No. 00–1038. The *Woodward* case also settled and included a general release of all class members' claims existing as of March 29, 2001. The *Woodward* settlement also provided for the appointment of Special Masters to assess the claims of the individual class members. The Special Master who considered Walker's claim awarded him zero dollars in damages.

About two weeks after Walker obtained notice that he would not receive a monetary award from the *Woodward* settlement, Walker filed suit against Mitsubishi again, alleging Mitsubishi discriminated against him by denying him training on the basis of his race. Mitsubishi moved to dismiss Walker's claim, arguing that Walker had released all of his claims as part of the settlement agreements from his 1998 case and the *Woodward* class action. The

district court converted the defendant's motion to a motion for summary judgment because it referenced the two settlement agreements. Walker responded by filing an affidavit in support of his claim for race discrimination. After reviewing Walker's affidavit, the district court granted Mitsubishi summary judgment, concluding that Walker's affidavit failed to present sufficient evidence of a discriminatory action that occurred after March 29, 2001. Walker appeals.

## II.

On appeal, Walker maintains that he presented sufficient evidence of race discrimination under the *McDonnell Douglas* indirect method of proof so as to avoid summary judgment. The *McDonnell Douglas* indirect method is one method of proving discrimination, the direct method being the other. *Little v. Illinois Dept. of Rev.*, 369 F.3d 1007, 1011 (7th Cir.2004). Under the *McDonnell Douglas* burden-shifting method, the plaintiff must first present evidence to establish a prima facie case of discrimination. If the plaintiff presents such evidence, the burden shifts to the employer to produce evidence of a legitimate non-discriminatory reason for the adverse action. Assuming the defendant produces a legitimate reason for its action, the plaintiff may rebut that evidence by presenting evidence that the employer's reason is a pretext for discrimination. *Id.*

In a denial of training case, where the plaintiff alleges discrimination because he was black, to establish a prima facie case of race discrimination the plaintiff must establish that he was a member of a protected class; that he was qualified for available training; that he was denied training; and that a similarly situated non-

black employee was provided the training.[1] *Pafford v. Herman*, 148 F.3d 658, 667 (7th Cir.1998).

In this case, the district court concluded that Walker failed to present a prima facie case of discrimination because he had failed to allege that he was denied training after March 29, 2001—the release date of the latest settlement agreement.[2] Accordingly, the district court granted Mitsubishi summary judgment. We review that determination de novo, reading the facts in the light most favorable to Walker. *Little*, 369 F.3d at 1011.

Walker maintains that reading the facts in the light most favorable to him requires reversal because he stated in his affidavit: "Between February, 2001, and September, 2001, I requested on numerous occasions to work on, and be trained to machine the new castings coming into the plant," but that each request was denied. The district court believed that statement too vague to establish that Mitsubishi engaged in any discriminatory acts after March 29, 2001. However, as noted, we must read the evidence in the light most favorable to Walker, and that requires us to view his statement as attesting to denials of training occurring after March 29, 2001 and through September, 2001.

Walker's claim, however, fails for another reason. Walker failed to present any evidence of similarly situated non-black employees who were treated more favorably. Although he states in his affidavit that white employees received the training he was denied, he fails to point to any evidence that would indicate that he was similarly situated to these employees, such as their names or the type and amount of training they received. In fact, Walker's affidavit creates just the opposite inference—that he was not similarly situated. Specifically, in his affidavit Walker stated that Mitsubishi told him "that my training was ending because I had been trained on the MHI machines for over one (1) year," and for more than 2080 hours. Although in his brief Walker now contests the rationale Mitsubishi gave him for the termination of his training, Walker did not challenge Mitsubishi's statements under oath in his affidavit, and therefore he cannot challenge that statement on appeal. Given the rationale provided for terminating Walker's training, namely that he had already received extensive training, it is unlikely that any of the other employees were similarly situated. However, even if they were, it was Walker's burden to present evidence of that fact. Walker failed to do so: He did not specify who received more training, whether only white employees received such training, and how those who received more training were similarly situated. As we explained in *Pafford*, "the mere fact that Causasian employees may have received more training than [plaintiff] falls short of raising an inference of discrimination. [Plaintiff] must come forward with specific evidence showing that [he] was similarly situated to Caucasian employees who received more training." *Pafford*, 148 F.3d at 668. Walker's general allegations did not provide any of the specific information needed to make his case. Without evidence that the white employees who allegedly received the training denied him were similarly situated, Walker cannot establish a prima facie case of discrimination. *Id.* Therefore, the district court

---

1. For purposes of appeal, we assume, without deciding, that the alleged denial of training constituted an adverse action for purposes of Title VII.

2. Both parties agree that any claims based on the denial of training on or before March 29, 2001 are barred by the releases, but that any claims premised on denial of training occurring after that date are not barred.

properly granted Mitsubishi summary judgment.[3] *Id.* For these and the forgoing reasons, we AFFIRM.

---

3. Walker does not argue on appeal that the district court erred by failing to allow him to proceed with discovery before ruling on the defendant's summary judgment motion. Nor could he, because he did not request additional time in the district court to conduct discovery. *Williams v. National R.R. Passenger Corp.,* 161 F.3d 1059, 1063–64 (7th Cir.1998).

